IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MAURICE SMALLS, )
)
Plaintiff, ) Civil Action No. 22-cv-01095-LKG
)
v. ) Dated: November 9, 2022
)
THE STATE OF MARYLAND, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

Self-represented plaintiff Anthony Maurice Smalls, who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff brings this complaint against the State of Maryland, the Prince George's County Circuit Courthouse, and Circuit Court for Prince George's County judges William Spellbring,[1] Michael R. Pearson, and Nicholas E. Rattai. ECF No. 1. Plaintiff alleges that the jury instruction regarding reasonable doubt, delivered by Judge Spellbring during his criminal trial in 1996 was improper. ECF No. 1 at 18. In 2015, Plaintiff's attempt to reopen state post-conviction proceedings to raise the jury instruction claim was denied by Judge Pearson. *Id.* at 20. Plaintiff next filed a state petition for writ of habeas corpus, also challenging the allegedly defective jury instruction. On

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Judge Spellbring's name.

May 14, 2020, Judge Rataii denied the petition. *Id.* at 20. Plaintiff alleges that the improper jury instruction violated his constitutional rights and he seeks compensatory damages.[2]

For the reasons discussed below, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, for the reasons that follow, Plaintiff's claims against each of the named Defendants may not proceed.

Plaintiff's claim as to each named judge is barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") The doctrine of judicial immunity shields them from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).

---

[2] Plaintiff also attempted to litigate the issue of the jury instruction in this Court by way of a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. However, the petition was an unauthorized successive petition and dismissed without prejudice. *Smalls v. Nines*, Civil Action No. CCB-20-1884 (D. Md.). Plaintiff had previously challenged his state conviction in *Smalls v. Corcoran,* Civil Action No. CCB-01-2707 (dismissed on the merits) and in *Smalls v. Maryland*, Civil Action No. CCB-18-2881 (dismissed as an unauthorized successive petition).

Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553-54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester* at 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13. Neither exception applies here. Plaintiff's

claims against each judge stem from actions taken by that judge during Plaintiff's criminal and post-conviction proceedings. Rulings on pending cases over which they had jurisdiction are precisely the type of judicial action covered by judicial immunity. Plaintiff has offered no grounds to defeat the judicial immunity that applies to the judges' determinations made in his case. Accordingly, Plaintiff's complaint allegations against Judges Spellbring, Pearson, and Rataii are dismissed.

Plaintiff's claims against the State of Maryland and Prince George's County Circuit Courthouse are also dismissed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

Lastly, the Prince George's County Circuit Courthouse is not a "person" subject to suit under 42 U.S.C. §1983 and therefore Plaintiff's claim against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5

4

Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

A separate Order follows.

LYDIA K. GRIGGSBY
United States District Judge